### JONES vs. BARTLETT, Assignee.

*December 3 — December 17, 1880.*

*Partnership Assignment: What claims allowable: Contract construed.*

On entering into partnership with B. in the business of merchant tailors, dealers in clothing, etc., H. purchased a half interest at one-half the estimated value of the stock and business, paying in cash such one-half value, less $2,000, and agreeing to pay one-half of $4,000 of the "debts owing on the stock," out of the proceeds of the partnership business. B. afterwards paid said debts to the amount of $4,000, including nearly all his individual indebtedness on account of the concern (except the claim here in question), and H. paid no part of said indebtedness. The firm having made an assignment, plaintiff filed with the assignee (under ch. 80, R. S.) a claim including an indebtedness of B. to him which accrued before the partnership was formed, for work in making coats, some of them for customers, and others to be sold with the stock. Sec. 1699 provides that when decisions of the assignee on claims are appealed, the circuit court shall "make such order as shall be *just.*" *Held*, that in view of the partnership agreement above stated, the circuit court did not err in allowing the claim.

APPEAL from the Circuit Court for *Winnebago* County. The defendant, as the assignee of Boles & Hull for the benefit of creditors, appealed from an order of the circuit court allowing a certain claim of the plaintiff against said firm. The nature of the claim will sufficiently appear from the opinion.

The cause was submitted for the appellant on the brief of *Weisbrod & Harshaw.*

For the respondent there was a brief by *Moses Hooper* and *S. F. Berry,* and oral argument by *Mr. Hooper.*

ORTON, J.   The firm of Boles & Hull having made an assignment to the appellant for the benefit of their creditors, the respondent presented and filed his claim for allowance, according to the provisions of chapter 80, R. S., which was rejected by the appellant as such assignee, and, on appeal to the circuit court, it was allowed.

On the 12th day of February, 1877, Hull purchased of Boles one-half of his stock of goods, fixtures, machines, etc., and entered into copartnership with him in "the business of merchant tailors and dealers in clothing, hats, caps and gents' furnishing goods, and in the buying and selling of all sorts of goods, wares and merchandise." The whole stock and business were estimated of the value of about $16,000, and Hull was to pay Boles for one-half, $6,000, in cash, and one-half of about $4,000 of the "debts owing on the stock," out of the proceeds of the partnership business.

In the meantime Boles has paid the whole of this $4,000, and all of the indebtedness against him personally on account of the concern, except this claim and a very small amount besides, and Hull has paid none of it out of his share of the proceeds of the business, or otherwise. The claim of the respondent consists of the indebtedness of Boles to him of over $700, for work and labor as a tailor in making coats for the concern, many of them for customers, and some of them to be sold with the stock, before the partnership was formed; and, continuing in the employment of the firm, of their indebtedness to him for like work and labor of about $150. He claims, in other words, that this previous indebtedness of Boles to him was a part of the $4,000 so assumed by the firm. It is objected by the learned counsel of the appellant, that this claim was not "*owing on the stock*," and therefore assumed by the firm. This language of the agreement, in its strictest and most literal sense, may mean unpaid consideration for the purchase of the stock, or that indebtedness which is a lien on the stock. But there is nothing in the agreement or circumstances

which forces such strict and narrow construction; but, on the other hand, we think a more liberal construction should be given to this language to carry out the obvious intention of the parties, that Hull should pay one-half of the indebtedness of Boles which had been incurred on account of the stock, concern or business, of whatever nature, before the formation of the partnership. For it does not appear that any balance of the unpaid purchase money of the stock had been ascertained or estimated, or that it was spoken of or mentioned in the agreement or otherwise. But, strictly construed, it would not be difficult to assume that this work and skilled labor of the respondent, in making clothing for a clothing store, actually went into the stock, some of it in clothing to be sold, and mostly in the profits of this part of the trade and business. Section 1699 of said chapter 80 provides that "the court shall make such order as shall be just;" and, under the circumstances, to order the payment of this whole bill out of the partnership property will most certainly be *just*. Neither Hull nor his individual creditors ought to complain of this construction, for he has never paid his share of the indebtedness under any construction, and the allowance of this claim against the partnership effects will certainly not be more than he has rightfully assumed. The construction of the partnership agreement in this respect is the only question reserved; and we think the circuit court construed it wisely and justly, and made the proper order.

*By the Court.*— The order of the circuit court is affirmed, with costs.